938

## SORENSEN v. UNITED STATES (SOREN-SON et al., Intervenors).
### No. 199, Docket 20499.

Circuit Court of Appeals, Second Circuit.

March .27, 1947.

Rolnick & Asofsky, of New York City, for appellant.

Alfred J. Bedard, of New York City (Julian A. Ronan, of counsel), for appellees.

Before SWAN, CHASE and FRANK, Circuit Judges.

PER CURIAM.

The appellant opposed the appellees' petition for intervention on the ground that their claim to the proceeds of the insurance was barred by the applicable statute of limitation. On appeal she argues that the court erred in overruling this defense. But before reaching that question we must determine whether the order is appealable. Obviously it is not a final order. See Rutherford v. Fisher, 4 Dall., Pa., 22, 1 L.Ed. 724 (overruling a plea of limitations). As an interlocutory order in admiralty it is appealable only if it determines "the rights and liabilities of the parties." 28 U.S.C.A. § 227; Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 458, 55 S.Ct. 475, 79 L.Ed. 989; Barbarino v. Stanhope S. S. Co., 2 Cir., 151 F.2d 553, 555. The order on appeal determined nothing as to the rights of the appellant; she may win the case when it comes to trial. Under some circumstances an order denying intervention may finally determine the petitioner's rights and may therefore be appealable by him. See United ed States v. Radice, 2 Cir., 40 F.2d 445; In re Dolcater, 2 Cir., 106 F.2d 30, 32. But neither principle nor authority supports the appellant's contention that she may appeal from an order which merely allows another claimant to intervene. The appeal is dismissed for lack of jurisdiction.