Winston E. Miller, Lansing, Mich., and Erwin J. Garmhausen, Sidney, Ohio, E. J. Garmhausen and Carroll V. Lewis, Garmhausen & Lewis, Sidney, Ohio, and Winston E. Miller and George P. Pappas, Miller, Morriss & Pappas, Lansing, Mich., on brief, for appellants.

Austin A. Webb, Earl & Webb, Kalamazoo, Mich., for appellee.

Before MARTIN, CECIL and WEICK, Circuit Judges.

**AIRSTREAM TRAILERS, INC., an Ohio Corporation, Airstream Trailers, Inc., a California Corporation, Wallace M. Byam, Appellants,**

v.

**Loren CAYO, Lawrence Zuhl, Allen Grams, and Avion Corporation, a Michigan Corporation, Appellees.**

**No. 14147.**

United States Court of Appeals
Sixth Circuit.

Dec. 13, 1960.

PER CURIAM.

This appeal is from an order of the District Court denying appellants' motion for entry of judgment in accordance with a stipulation of the parties.

The action in the District Court was to enjoin appellees from copying the external overall appearance of appellants' trailer and from other acts of unfair competition. Appellees filed a counterclaim against appellants for damages.

During the pendency of the action in the District Court, the parties worked out a settlement of their differences, the terms of which were reduced to writing in the form of a stipulation which provided for the entry of a consent decree by the Court embodying the provisions of

the stipulation. Before the decree in conformity therewith had been submitted to the Court for approval, appellees refused to approve the decree and objected to the entry thereof by the Court claiming the appellants had violated one of the thirteen provisions of the stipulation.

Appellants then moved the Court to enter the decree pursuant to the terms of the stipulation. Upon hearing, the Court denied the motion on the ground that there had been a material breach of the stipulation by appellants.

At the threshold of this case, we are met with the question whether the order denying the motion for the entry of judgment is a final appealable order under the provisions of Title 28 U.S.C. § 1291. The denial of the motion for judgment has not affected the principal case for unfair competition which is pending in the District Court and has not been terminated. Appellants claim that this case comes within "that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellant consideration be deferred until the whole case is adjudicated." Cohen, Executrix v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528.

We disagree. In our opinion, this case is not substantially different from one involving an order denying a motion for summary judgment, which has been held not to be appealable. Jones v. St. Paul Fire & Marine Insurance Co., 5 Cir., 1939, 108 F.2d 123. To allow an appeal in this case would defeat the longstanding statutory policy against piecemeal appeals. Kowalski v. Holden, 6 Cir., 1960, 276 F.2d 359. The order sought to be appealed in this case is an interlocutory order which may not be reviewed on appeal until a final judgment has been entered in the case.

The appeal is, therefore, dismissed for lack of jurisdiction.