**E. Roberta ROACH, Administratrix of the Estate of John Hubert Roach, Deceased, Appellant,**

v.

**John P. CHURCHMAN, Administrator of the Estate of Merle Ravenstein, Appellee.**

No. 71–1343.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1972.

Decided April 3, 1972.

---

4. The district court did not decide this constitutional question.

J. Patrick Green, John P. Miller, Omaha, Neb., David McCann, Council Bluffs, Iowa, Tom H. Davis, Austin, Tex., for appellant.

John M. Peters, Peters, Campbell & Pearson, Council Bluffs, Iowa, for appellee.

Before MATTHES, Chief Judge, BRIGHT, Circuit Judge, and WEBSTER,* District Judge.

BRIGHT, Circuit Judge.

The parties to this litigation have been before this court previously on the question whether an aviation liability insurance policy provided coverage for a wrongful death claim arising out of an aircraft accident which occurred on August 21, 1966, near Glenwood, Iowa.

Merle Ravenstein, the pilot, and his passenger, John Roach, were both killed in that accident. Roach's widow, as administratrix of her late husband's estate, brought an action in the United States District Court for the Southern District of Iowa for wrongful death against the Ravenstein estate, the latter being represented by its administrator, John P. Churchman. In the prior appeal we determined that the policy, written by American Home Assurance Company (American Home), afforded liability coverage for the wrongful death claim. American Home Assurance Co. v. Roach, 431 F.2d 849 (8th Cir. 1970) (*Roach I*). Pending our consideration of that appeal, Mrs. Roach, administratrix of the Roach estate and plaintiff in the wrongful death action, and John P. Churchman, defendant and administrator of the Ravenstein estate, entered into a settlement agreement which provided that plaintiff take judgment by consent in the sum of $100,000, and provided further that Mrs. Roach would look only to the avails of the American Home insurance policy for satisfaction of that judgment. Contemporaneously, Administrator Churchman assigned to Mrs. Roach all of the rights of the Ravenstein estate in the American Home policy. Several months after execution of the agreement and following the filing of our opinion in *Roach I*, Mrs. Roach moved the federal district court to enter judgment pursuant to the settlement agreement. American Home filed objections to this motion. The district judge, Judge Hansen, denied the motion. That ruling triggered the instant appeal by the Roach estate. We deny the appeal for want of jurisdiction for the reasons stated below.

We note that appellant, Mrs. Roach, earlier attempted to obtain review of this same order under the provisions of 28 U.S.C. § 1292(b),[1] which permits an

* Sitting by designation.

1. Section 1292(b), as pertinent, provides:
　　When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an im-

interlocutory appeal in certain circumstances. While Judge Hansen made appropriate findings necessary to bring the order under that section, this court administratively denied leave to appeal. Roach v. Estate of Merle Ravenstein, Misc. No. 823, June 15, 1971 (unreported).

Appellant now urges that appeal from the district court order will lie under the provisions of 28 U.S.C. § 1291,[2] as an appeal from a final decision. Appellant argues that the order should be deemed final and therefore appealable under the collateral order doctrine enunciated in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L. Ed. 1528 (1949). *See* Baxter v. United Forest Products Co., 406 F.2d 1120, 1123 (8th Cir.), cert denied, 394 U.S. 1018, 89 S.Ct. 1635, 23 L.Ed.2d 42 (1969). Appellant also asserts alternate grounds as a basis for our review. First, arguing that the order effectively restrains Churchman, as administrator, from breaching the provisions of the insurance policy by settling without the insurer's permission, appellant insists that the order is reviewable under § 1292(a) (1) as an injunction. Second, appellant requests that we consider the notice of appeal in this case as a petition for a writ of mandamus, thus permitting review of the merits of this questioned order under the provisions of the All Writs Statute, 28 U.S.C. § 1651.

We consider these arguments against the background of Mrs. Roach's substantive claim in which she asserts that the insurer no longer has any right to control the defense of the suit against the Ravenstein estate. She contends that because American Home breached provisions of the insurance contract when it refused to defend the wrongful death action unconditionally, the insured became entitled to settle the wrongful death claim, as Churchman has attempted to do, without constraint of the policy. This contention is bottomed upon Hawkeye Casualty Co. v. Stoker, 154 Neb. 466, 48 N.W.2d 623 (1951). Conceding that such a settlement must be reasonable to be binding upon the insurer, Mrs. Roach asserts that American Home can raise the question of reasonableness when she seeks to collect the proposed consent judgment from the avails of the policy. In short, it is Mrs. Roach's contention that American Home has forfeited all rights to control the defense or settlement of the wrongful death action under its policy since it offered only a qualified defense which the administrator refused to accept, notwithstanding the issuance of an earlier order of the district court[3] in this action authorizing such a qualified defense by the insurer.

■ We turn initially to appellant's argument that the order is appealable as of right under § 1291 and the rationale of the *Cohen* decision. In *Cohen, supra,* 337 U.S. 541, 69 S.Ct. 1221, the Supreme Court considered the appealability of a district court order in a diversity suit refusing application of a New Jersey statute which required plaintiffs in certain stockholder's derivative actions to post appropriate security before proceeding with their suit. The Court held the order appealable under 28 U.S.C. §

mediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken *from such order,* if application is made to it within ten days after the entry of the order * * *.

**2.** Section 1291 reads:

The courts of appeals shall have jurisdiction of appeals from all final de-

cisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.

**3.** *See* the discussion in *Roach I,* 431 F.2d at 855, where we held the challenge to that order to be moot and declined to consider its merits.

1291 as a final order, based upon the following principles:

> This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.
>
> \*   \*   \*   \*   \*   \*
>
> We hold this order appealable because it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it. But we do not mean that every order fixing security is subject to appeal. Here it is the right to security that presents a serious and unsettled question. [*Id.* at 546–547, 69 S.Ct. at 1225]

The Court amplified its views in Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A., 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950), and there stressed that § 1291 should not be construed " \* \* \* so as to deny effective review of a claim fairly severable from the context of a larger litigious process. \* \* \* *Id.* at 689, 70 S.Ct. at 865. Moore and Ward in Moore's Federal Practice have summarized the dimensions of the *Cohen* rule as:

> . . . appear[ing] to require three characteristics of an order before it can qualify as a 'final decision': (1) the order must be a final determination of a claim of right 'separable from, and collateral to,' rights asserted in the action; (2) it must be 'too important to be denied review,' in the sense that it 'presents a serious and unsettled question'; and (3) its review cannot, in the nature of the question that it presents, await final judgment because 'when that time comes, it will be too late effectively to review the . . . order and rights conferred . . . will have been lost,

> probably irreparably.' [9 J. Moore & B. Ward, Federal Practice ¶110.10, at 133 (2d ed. 1970)].

In the instant case, the court's order cannot be deemed collateral to the main action since that order directly relates to the conduct of the defense in the main action. The granting of appellant's motion for a consent judgment would have resulted in a final disposition of the main action, not a disposition of a right "separable" from the merits. Moreover, regardless of the importance that appellant attaches to its claim that the insurer should not be permitted to conduct the defense of the lawsuit, we are not here foreclosing appellant's opportunity for appellate review. The propriety of the action of the district court in denying the motion for a consent decree can still be reviewed following the trial on the merits. Should the final adjudication on the merits produce a judgment adverse to the appellant, or in an amount less than $100,000, appellant may then urge the point as error in appealing the final judgment. Of course, should the award equal or exceed $100,000, the Roach estate would have sustained no legal detriment from the questioned order. *See* Sorensen v. United States, 160 F.2d 938 (2d Cir. 1947).

■ We note that the district court afforded American Home relief on its resistance to the motion for a consent judgment, without formally naming American Home as a party. We deem this action of the district court equivalent to authorizing American Home to intervene in the action under Rule 24(a)(2) of the Federal Rules of Civil Procedure. The district court on remand should enter an order of intervention nunc pro tunc.[4]

■ Appellant's further claim, that the order from which appeal is sought should be equated with an injunction, requires little comment. The trial court did not cast its order in the form of any injunction, nor did the order restrain

4. We are not suggesting that the insurer's status as a party should be communicated to the jury upon trial of the action.

the parties from making a settlement not calling for the entry of a money judgment. Simply stated, the trial court refused its imprimatur of the settlement agreement between the parties. Appellant offers no persuasive authority that the trial court's order should be deemed an injunction under the circumstances. Accordingly, we reject this argument.

■■ Finally, we fail to be persuaded by appellant's request that we treat the notice of appeal as a petition for a writ of mandamus. A petition for mandamus addresses itself to the discretionary powers of this court. *See* Pfizer Inc. v. Honorable Miles W. Lord, (2 cases), 456 F.2d 532, and 456 F.2d 545, (8th Cir. 1972). We have already declined to exercise similar discretionary powers in earlier refusing permission for Mrs. Roach to prosecute an interlocutory appeal from the order here in question under the provisions of § 1292(b). The situation is unchanged since that earlier decision. We see no reason to alter our decision simply because appellant has couched the same request for review in different terms.

■ In its essence, the order of the trial court permitted the insurer to intervene and, after recognizing the fact of intervention, declined to endorse a settlement agreed to between Mrs. Roach (plaintiff-administratrix) and Churchman (defendant-administrator). Viewed in this light, we think it is clear that the order in question is interlocutory and nonappealable as an order which grants intervention, *e. g.*, Ionian Shipping Co. v. British Law Insurance Co., 426 F.2d 186, 188 (2d Cir. 1970); Otten v. Baltimore & O. R., 205 F.2d 58, 59 (2d Cir. 1953); Kris Petroleum, Ltd. v. Stoddard, 221 F.2d 801, 802 (9th Cir. 1955); Sorensen v. United States, *supra,* 160 F.2d 938; 9 J. Moore & B. Ward, Federal Practice ¶110.13(7), at 181 n.2 (2d ed. 1970), and as an order denying settlement pursuant to a stipulation of less than all parties, *e. g.*, Raylite Electric Corp. v. Noma Electric Corp., 170 F.2d 914 (2d Cir. 1948); 3B J. Moore, Federal Practice ¶24.16[6], at

24–671–72 (2d ed. 1970); Airstream Trailers, Inc. v. Cayo, 284 F.2d 455 (6th Cir. 1960).

Appellant's counsel has displayed ingenuity and tenacity in pressing the issues in this appeal. If successful, Mrs. Roach would not have had to establish her right to recover against the pilot's estate for the alleged wrongful death of her late husband. We think, however, that the time has come for a disposition on the merits of this now protracted litigation, leaving the validity of appellant's present contentions for later resolution if required.

In dismissing this appeal, we follow a long-standing policy of rejecting appeals on a piecemeal basis except in exceptional cases.

Appeal dismissed.