**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**AMERICAN INSTITUTE OF REAL ESTATE APPRAISERS OF the NATIONAL ASSOCIATION OF REALTORS et al., Defendants-Appellees,**

v.

**John E. MILLOWAY,
Intervenor-Appellant.**

No. 78–1133.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 25, 1978.

Decided Dec. 21, 1978.

Marc Cooper, Miami, Fla., for intervenor-appellant.

Thomas M. Keeling, Dept. of Justice, Washington, D. C., Harold J. Bressler, Chicago, Ill., for plaintiff-appellee.

Before CASTLE, Senior Circuit Judge, and TONE and WOOD, Circuit Judges.

TONE, Circuit Judge.

Relying on 28 U.S.C. § 1292(a)(1), intervenor-appellant John Milloway, a member of the American Institute of Real Estate Appraisers of the National Association of Realtors, seeks review of an order approving the proposed settlement between the United States and one of the four defendants in the case, the Institute. The order appealed from is not a refusal to grant an injunction within the meaning of § 1292(a)(1), and we therefore dismiss this appeal for lack of jurisdiction.

The United States brought this action against the Institute, the Society of Real Estate Appraisers, the United States League of Savings Associations, and the Mortgage Bankers Association of America, seeking equitable and declaratory relief for alleged violations of the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.* In the "Complaint for Intervention" submitted with a motion for intervention on behalf of Millo-

way and others it was alleged that the proposed settlement violated the First Amendment rights of the Institute's members. It was also alleged "that the governing council exceeded its authority . . . by entering into the agreement; that the agreement constitutes an amendment of the existing code of professional ethics; and that it constitutes a violation of the by-laws in that the agreement amounts to an amendment of the by-laws without proper notice to members." The intervenors sought "an order compelling [the Institute] to submit the settlement agreement to its members for their review and restraining [the Institute] from entering into it, prior to membership approval." *United States v. American Institute of Real Estate Appraisers of the National Association of Realtors*, 442 F.Supp. 1072, 1078 (N.D.Ill.1977).

■ The District Court denied intervention as of right, but granted permissive intervention for the limited purpose of allowing the assertion of the First Amendment challenge to the proposed settlement. *Id.* at 1083. Milloway, who is the only appellant, does not challenge the court's order insofar as it denies intervention as of right and limits the purposes for which permissive intervention was allowed.[1]

■ Opposition to a proposed settlement is not transformed into a request for an injunction within the meaning of § 1292(a)(1) by characterizing it as such. *Cf. Rodgers v. United States Steel Corporation*, 541 F.2d 365, 372–373 (3d Cir. 1976). Nor does an order approving or refusing to approve a settlement have the effect of an "injunction" within the meaning of § 1292(a)(1). *Cf. id.; Roach v. Churchman*, 457 F.2d 1101, 1104–1105 (8th Cir. 1972).

In *Rodgers, supra*, the named plaintiffs in a class action opposed defendants' "request to make a tender of back pay to certain members of the class . . . for a possible settlement of their claims," labelling their opposition paper as a motion to preliminarily enjoin the defendants from making the tender. *Rodgers v. United States Steel, supra*, 541 F.2d at 367. The District Court approved the defendants' settlement overtures. The Third Circuit dismissed plaintiffs' appeal under § 1292(a)(1) on the ground that the denial of the requested relief was unrelated to the merits of the litigation and "simply permitted the tender to be made to certain class members while awaiting trial." *Id.* at 373.

In *Roach v. Churchman, supra*, the Eighth Circuit dismissed an appeal from an order refusing to approve a settlement between the plaintiff and the insured defendant over the objection of the intervening insurer. "Simply stated, the trial court refused its imprimatur of the settlement agreement between the parties." *Id.*, 457 F.2d at 1105. The court found no persuasive authority for treating an order refusing to approve a settlement as an injunction. We find none for treating an order approving a settlement as an injunction. Furthermore, there does not appear to be any good reason for expanding the narrow exception to the finality requirement of 28 U.S.C. § 1291 provided by § 1292(a)(1) to include such orders.

---

1. Orders granting intervention are generally unappealable. *See* Wright & Miller, *Federal Practice and Procedure: Civil* § 1923, p. 626 (1972). To the extent that *Stewart-Warner Corporation v. Westinghouse Electric Corporation*, 325 F.2d 822 (2d Cir. 1963) and *Switzer Brothers, Inc. v. Locklin*, 207 F.2d 483 (7th Cir. 1953) can be read to hold that orders permitting intervention, but limiting the scope of injunctive relief sought in the complaint for intervention, are appealable without regard to the reasons for the limitation, it is doubtful that they survive *Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 98 S.Ct. 2451 n.7, 57 L.Ed.2d 364 (quoting *Stewart-Warner Corpora-*

*tion v. Westinghouse Electric Corporation*, 325 F.2d at 829 (Friendly, J., dissenting). *See National Machinery Company v. Waterbury Farrel Foundry & Machine Company*, 290 F.2d 527 (2d Cir. 1961) *per curiam*); *see also Spangler v. United States*, 415 F.2d 1242, 1247–1248 (9th Cir. 1969).

In the case before us, the District Court expressly relied on reasons of judicial administration in limiting Milloway's intervention. *United States v. American Institute of Real Estate Appraisers of the National Association of Realtors*, 442 F.Supp. 1072, 1083 (N.D.Ill.1977). Furthermore, it appears that the intervening appellants consented to the limitation. *Id.*

The order appealed from does nothing more than approve the settlement. The District Court permitted Milloway to intervene only for the purpose of opposing the settlement agreement on the ground that it infringed the First Amendment rights of the members of the Institute. Accordingly, the merits of Milloway's claim for injunctive relief based on the provisions of the Institute's bylaws were not before the court and were not ruled upon in the order approving the settlement agreement. That order, therefore, did not include a refusal to grant an injunction. *Cf. Gardner v. Westinghouse Broadcasting Company, supra,* 437 U.S. at 479–482, 98 S.Ct. at 2453–2454 (holding that denial of class certification in an action seeking injunctive relief is not an order refusing an injunction within the meaning of § 1292(a)(1)).

■ Milloway's opposition to the settlement agreement arguably can be viewed as a request to the court to stay its hand in the action before it. A denial of such a request is appealable as an order refusing to grant an injunction only if the court to which it is addressed is acting as a law court in the action before it. Compare *Baltimore Contractors, Inc. v. Bodinger,* 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955) with *Ettelson v. Metropolitan Insurance Company,* 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942). The government's action against the Institute and the other defendants, however, is predominantly an equitable action since the primary relief sought is injunctive. Moreover, any fair doubt about the character of the action is to be resolved "against the claim that the action is predominantly one at law." *Schine v. Schine,* 367 F.2d 685, 688 (2d Cir. 1966) (Friendly, J., concurring). The effect of the order is that the case will proceed to trial against three defendants instead of four. "This ruling was a step in controlling the litigation before the trial court not the refusal of an interlocutory injunction." *Baltimore Contractors, supra,* 348 U.S. at 185, 75 S.Ct. at 254.

■ The collateral order exception to § 1291 is also inapplicable, for although the order is unrelated to the merits of the main controversy, it is subject to effective review both before and after entry of a final judgment disposing of all the issues in the case. *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 2455, 57 L.Ed.2d 351 (1978) (holding that an order denying class certification is not subject to the collateral order exception). Under Rule 54(b), Fed.R.Civ.P., the District Court may either direct the entry of final judgment as to the Institute or reconsider the order any time before the entry of final judgment. The settlement between the United States and the Institute does not preclude Milloway from challenging the legality of the settlement on direct review of a final judgment. *See* 3B *Moore's Federal Practice* ¶ 24.16[6], 24–671 to 24–672 (1977). No irreparable harm to Milloway is threatened in the interim since, as the District Court found, none of the Institute's members is bound by the terms of the settlement. Thus, the order approving the settlement can have no chilling effect on the exercise of any First Amendment rights of any of the members.

For the foregoing reasons Milloway's appeal is dismissed for lack of appellate jurisdiction.