Mary Laura BROOKINS, Mrs. Kathryn J. W. Brookins, James Reiling, Mrs. Elizabeth Reiling, Tricia Riggs, Mrs. Carol Williams, Mark Gleva, Steven Gleva, Mrs. Karen Gleva, Mr. John C. Gleva, Sr., Romerio Brown, Mrs. Joyce Lucas, Bruce Butler, Jr., Ms. Tracie Staggers, and all others similarly situated, Plaintiffs,

v.

SOUTH BEND COMMUNITY SCHOOL CORPORATION, James P. Scamman, Superintendent, The Board of School Trustees of the South Bend Community School Corporation, Oscar Brookins, Donald W. Yates, Loretta Jacobsen, Eileen Bender, Hollis E. Hughes, Jr., Anthony V. Luber, William L. Wilson, Members of the Board of Trustees, the United States of America, Defendants.

UNITED STATES of America, Plaintiff,

v.

SOUTH BEND COMMUNITY SCHOOL CORPORATION; James P. Scamman, Superintendent; the Board of School Trustees of the South Bend Community School Corporation; Robert M. Sweeney, Donald W. Yates, Marilyn Kalamaros, Eileen Bender, Hollis E. Hughes, Jr., Anthony V. Luber, William L. Wilson, members of the Board of School Trustees, Defendants.

Nos. S 81–313, S 80–35.

United States District Court,
N. D. Indiana,
South Bend Division.

Sept. 22, 1982.

See also 511 F.Supp. 3152.

David W. Albert, David W. Ready, South Bend, Ind., for plaintiffs.

Franklin Morse II, Bruce R. Bancroft, South Bend, Ind., for all defendants except Brookins.

Donald A. Schabel, Indianapolis, Ind., and Kenneth P. Fedder, South Bend, Ind., for Clay Quality Educ. II Inc.

Thomas I. Atkins, Teresa Demchak, New York City, Melvin Reed, South Bend, Ind., for NAACP.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

On September 8, 1981, a class action was filed by Mary Laura Brookins and others (Brookins class) against the defendants alleging that the Desegregation Plan approved by this Court on April 17, 1981 in *United States of America v. South Bend Community School Corporation et al,* 511 F.Supp. 1352, violates the Constitution of the United States and the laws of the State of Indiana. On October 9, 1981, the defendants filed a motion requesting that this case be consolidated with *United States of America v. South Bend Community School Corporation, supra.* By order dated October 13, 1981, the defendants' motion was granted and the amended complaint was thereafter to be treated as a petition to intervene under Rule 24 of the Federal Rules of Civil Procedure.

### I.

In February 1980, the United States filed an action under Section 407 of Title IV of the Civil Rights Act of 1964, 42 U.S.C. § 2000c–6, and Section 207 of the Equal Educational Opportunities Act of 1974, 20 U.S.C. § 1706, against the South Bend Community School Corporation, its superintendent, its board of school trustees and the seven members thereof alleging that defendants had engaged in various acts of discrimination with the intent and effect of segregating students and faculty on the basis of race in the South Bend, Indiana public school system. The government sought an injunction prohibiting defendants from discriminating on the basis of race or color in operating the schools within the territory served by the South Bend Community School Corporation and requiring defendants to develop and implement a desegregation plan which would remove all vestiges of prior discrimination.

The district court simultaneously entered a consent order submitted by the parties, requiring defendants to develop and implement a desegregation plan for student assignments by the beginning of 1981–1982 school year. The crux of the plan was to provide that black students in each school would be within 15% of the total percentage of black students in the school system. The plan was also to insure that student transportation or school closings would fall equitably on all racial groups.

The school board enlisted community support for the development of the new student assignment plan. A Citizen's Advisory Committee was formed and over 300 citizens volunteered to serve on subcommittees. Subcommittees met over 150 times between February and December 1980 and nearly 200 people actively participated in the meetings. All meetings were open to the public and were given extensive newspaper publicity. The subcommittees' recommendations were subsequently reported to the school board by the Citizen's Advisory Committee.

During the fall of 1980, the school board's planning team formulated a number of alternative desegregation plans and decided on a recommended plan in late November. On December 17, 1980, the details of the proposed plan were released and the school board held twelve special meetings during the months of December 1980 through February 1981 devoted solely to the plan. All citizens were invited to speak at the meetings and were encouraged to submit written comments.

The Board of School Trustees passed a resolution adopting a school desegregation plan for student assignment during a meeting on February 26–27, 1981. On February 27, 1981, the parties submitted a proposed consent order to this Court incorporating the plan. The plan was subsequently revised and resubmitted to this Court on April 3, 1981. The Court adopted the plan on April 17, 1981, and the plan went into effect at the commencement of the school year in September 1981. On September 6, 1981, applicants for intervention filed this action challenging certain aspects of the desegregation plan approved by this Court and implemented by the South Bend Community School Corporation. Applicants for intervention specifically challenged the choices made by the school board regarding which schools were to be closed and what grade structures and/or programs were offered at schools which remained open on the grounds that the plan was unwise, irrational, unconstitutional and in violation of the laws of the State of Indiana.

## II.

■ The criteria for intervention as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure and with permission of the Court under Rule 24(b)(2) of the Federal Rules of Civil Procedure are well established. To qualify for intervention as of right under Rule 24(a)(2), an applicant must meet each of four conditions:

(1) The application must be timely.

(2) The applicant must claim an interest relating to the property or transaction which is the subject of the action.

(3) The applicant must be so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest.

(4) The applicant's interest is or was not adequately represented by existing parties.

*Central States, etc. v. Old Security Life Insurance Company,* 600 F.2d 671 (7th Cir. 1979). See also, *NAACPC v. New York,* 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648

(1973); *United Airlines, Inc. v. McDonald,* 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977); *United States v. Board of Education of the City of Chicago,* 88 F.R.D. 679 (N.D.Ill.1981). Failure to meet any one of the conditions is sufficient to deny intervention as a matter of right. *NAACP v. New York,* 413 U.S. at 369, 93 S.Ct. at 2604–2605; *United States v. Board of Education of the City of Chicago,* 88 F.R.D. at 684. The parties to the original action oppose the application for intervention of the Brookins class on the grounds that (1) the Brookins class is adequately represented by the existing parties, and (2) that the application for intervention is untimely.

■ This Court is bound by the standard set by the Seventh Circuit Court of Appeals to measure the adequacy of representation in school desegregation cases. *United States v. Board of School Commissioners of the City of Indianapolis,* 466 F.2d 573 (7th Cir. 1972), *cert. den.,* 410 U.S. 909, 93 S.Ct. 964, 35 L.Ed.2d 271 (1973); see *United States v. South Bend Community School Corporation,* 511 F.Supp. 1352, 1357 (N.D. Ind.1981), *aff'd,* 692 F.2d 623 (7th Cir. 1982). See also, *United States v. Board of Education of the City of Chicago, supra; United States v. American Institute of Real Estate Appraisers,* 442 F.Supp. 1072, 1081 (N.D.Ill.1977), *appeal dismissed,* 590 F.2d 242 (7th Cir. 1978). That standard is as follows:

[R]epresentation is adequate if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor and if the necessary representative does not fail in the fulfillment of his duty.

466 F.2d at 575; see, *Martin v. Kalvar Corp.,* 411 F.2d 552, 553 (5th Cir. 1969). See also, *Meridian Homes Corporation v. Nicholas W. Prassas & Company,* 683 F.2d 201 (7th Cir. 1982). The Brookins class as the applicant for intervention bears the burden of establishing inadequacy of representation. *Trbovich v. United Mine Workers of America,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972). In this circuit, the standard set forth in the *Indianapolis* case "echoes the strict require-

ment of a 'very compelling showing' that representation of the public interest by the United States is not adequate" in school desegregation cases. *United States v. Board of Education of the City of Chicago, supra; United States v. South Bend Community School Corporation, supra.*

Under this standard, the Brookins class has failed to make any showing of inadequacy of representation of its interests by the Justice Department. Certainly the Justice Department's conduct in this case has never been collusive, in bad faith or grossly negligent. Furthermore, the interests of the Justice Department are not adverse to the interests of the Brookins class. It is readily apparent from the petition to intervene that the Brookins class, like the Justice Department, desires that the South Bend Community School Corporation be desegregated, the only real point of contention being that the desegregation plan approved by this Court on April 17, 1981 is not the best plan that could have been developed. Although this contention was not an issue in this case at the time the desegregation plan was approved, the question of the adequacy of representation does not depend upon the Court's assessment of the representative's decision, but rather on whether the interest of those represented was fully and fairly considered in arriving at that decision. *United States v. American Institute of Real Estate Appraisers,* 442 F.Supp. 1072, 1081–1083 (N.D.Ill.1977), *appeal dismissed,* 590 F.2d 242 (7th Cir. 1978).

Through the course of this action, the Justice Department has been responsive to the concerns of all of the persons it represents, including the members of the Brookins class. In addition, although the members of the Brookins class believe that their interests are adverse to the defendants, the defendants have also fully and fairly considered their interests at the numerous board meetings which the members of the Brookins class have attended. Consequently, under the standards set forth in *United States v. Board of School Commissioners of the City of Indianapolis, supra,* the interests of the Brookins class have been adequately represented throughout the course of this litigation.

This Court has already determined that the plan was constitutional based on evidence and information submitted to aid the Court in making that determination.

Second, the Brookins class attack the Plan of Desegregation as unwise and irrational. However, even if the Brookins class may be said to raise issues not heard earlier, allegations attacking the wisdom of this Plan are not enough to support a petition to intervene. *United States v. American Institute of Real Estate Appraisers,* 442 F.Supp. 1072, 1081–1083 (N.D.Ill.1977), *appeal dismissed,* 590 F.2d 242 (7th Cir. 1978), held that the question of adequacy of representation does not depend on the Court's assessment of the soundness of the decision of a representative party, but rather on whether the interests of those represented were fully and fairly considered in arriving at that decision. Although challenged on several fronts, the efficiency and effectiveness with which the Justice Department represented those interests has never been successfully challenged. Moreover, although the Brookins class believe their interests are adverse to the defendants, School Board and the administrators of the School Corporation have also fully and fairly considered those interests at the numerous public meetings attended by the plaintiffs and the class.

In light of the foregoing, the Brookins class has failed to carry its burden in regard to inadequacy of representation so this Court need not address the further consideration of timeliness.

### III.

The test for permissive intervention under Rule 24(b)(2) of the Federal Rules of Civil Procedure involves an even stricter application of the standards for intervention as of right. *EEOC v. United Airlines,* 515 F.2d 946, 949 (7th Cir. 1975); *United States v. Board of Education of the City of Chicago, supra,* 88 F.R.D. 687; see also, *United States v. South Bend Community School Corporation, supra.* These standards for intervention have been discussed above and measured against them, the applicants'

petition for permissive intervention fails *a fortiori.*

In addition, Rule 24(b)(2) requires the Court to exercise its discretion in light of potential delay and prejudice to the existing parties. Intervention at this late date by the Brookins class would inevitably distract the School Corporation from its present task of orderly and efficiently achieving final and complete implementation of the Desegregation Plan, and cause it to spend substantial time and expense defending the Plan from objections thoroughly considered and resolved by the School Board months ago. The Brookins class has had its day before the Board of School Trustees and intervention now by the Brookins class would prejudice the rights of the original parties.

### IV.

In light of the foregoing, petitioners' application for intervention is hereby DENIED and plaintiffs' amended and supplemental complaint is DISMISSED. SO ORDERED.