Tamara MORGAN, Plaintiff,

v.

SEARS, ROEBUCK AND COMPANY,
et al., Defendants.

Civ. A. No. 1:86–CV–2561–JOF.

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 26, 1988.

Alan F. Herman, Freeman & Hawkins, Faye Dara Levine, Rand & Ezor, Atlanta, Ga., Sheryl Deane Fambrough, Fambrough & Shapiro, Chamblee, Ga., for plaintiff.

Ronald Louis Reid, Donna Potts Bergeson, Alston & Bird, Atlanta, Ga., for defendants.

## ORDER

FORRESTER, District Judge.

This matter is before the court on applicant Guild Lingerie of California's motion to intervene in this action. Applicant seeks to intervene under *Federal Rule of Civil Procedure* 24(a), intervention as a matter of right, and 24(b), permissive intervention. Plaintiff does not oppose applicant's motion to intervene. However, defendant Sears does oppose intervention. For the reasons

discussed below, applicant's motion for intervention will be DENIED on both grounds.

## I. STATEMENT OF THE CASE.

This products liability action was brought by plaintiff to recover for damages she received when the nightgown she was wearing caught fire. This incident occurred in 1970, when the plaintiff was three years old. Defendant Sears denies that the gown she was wearing was a Sears gown. For a fuller recitation of the facts involved in this case, see this court's order of July 25, 1988 denying summary judgment to the defendant, 700 F.Supp. 1574. There is some indication in the case that applicant may have been the manufacturer of the gown supposedly worn by plaintiff when she was burned. It is this factual basis which applicant uses as the grounds for its motion for intervention.

## II. INTERVENTION OF RIGHT.

Intervention of right is governed by Rule 24(a) which provides in pertinent part:

Upon timely application anyone shall be permitted to intervene in an action; ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Four requirements must be met before an applicant may be entitled to intervene of right. First, the application must be timely; second, the applicant must have an interest relating to the property or transaction which is the subject of the action; third, the applicant must be so situated that the disposition of the action, as a practical matter may impede or impair his ability to protect that interest; and fourth, the applicant must demonstrate that his interest is not adequately represented by the existing parties to this suit. *Athens Lumber Co., Inc. v. Federal Election Comm.,* 690 F.2d 1364, 1366 (11th Cir.1982).

Defendant asserts that none of these four factors are present in the instant situation. However, as discussed below, the court need only address one element, the applicant's interest relating to the property or transaction which is the subject of this action.

The applicant claims that Sears will assert that the applicant is the manufacturer of the nightgown if the jury finds that she was indeed wearing a Sears gown at the time of the accident. Because Sears has called upon applicant to indemnify Sears in case of a judgment against it, the applicant contends it has an adequate interest in the subject matter of this action to justify intervention of right. Applicant cites the case of *Roach v. Churchman,* 457 F.2d 1101 (8th Cir.1972), for the proposition that an indemnitor is entitled to intervention of right. *Roach* was a wrongful death action. An insurance policy was determined to afford liability coverage for the claim. The plaintiff and defendant entered into a settlement agreement which provided that the amount agreed upon would be collected only from the insurance policy. When the plaintiff moved to have the settlement entered as judgment, the insurer objected and the district judge denied the motion to enter judgment. The Eighth Circuit found that when the district court gave relief to the insurer by not entering the judgment, it was actually authorizing the insurer to intervene under Rule 24(a)(2). The Eighth Circuit opinion did not discuss the interest or elements of intervention which were required to allow the insurer to intervene. However, it is clear that the insurer had an interest in the settlement of the action, because its funds were to be used to pay the settlement, and the extent of coverage under the policy had already been litigated.

The defendant contends that who actually manufactured the nightgown is not an issue in this case. Defendant asserts that the issues in this case include whether the plaintiff was wearing a Sears nightgown at the time she was injured, and if so, whether that nightgown was defective so as to impose liability. Defendant asserts that a verdict in this case would not establish who

manufactured the nightgown.[1] Therefore, Sears argues that the applicant's interest in this case is not the same as the property or transaction in this action. Moreover, Sears points out that it filed a lawsuit in Illinois against the applicant's insurer in April of 1988 seeking, in part, indemnification in case of a judgment in this action. The pleadings in that case reveal that a major issue there is whether the applicant manufactured the gown, thus raising the contractual responsibility of indemnification.

■ Intervention of right must be denied because the applicant does not have an interest relating to the transaction which is the subject of this action. The transaction that is the basis of this lawsuit is the fire which occurred when plaintiff was wearing the gown. Because the issues in this case are whether the plaintiff was wearing a Sears gown, and whether that gown was defective, whether or not the applicant was the manufacturer of the gown is irrelevant. Furthermore, timeliness of the application is a problem, since the applicant knew of this lawsuit in June, 1987, when Sears' notified it that Sears was seeking indemnification. Not only has applicant delayed fourteen months since it knew of its connection to this lawsuit, the motion to intervene was not filed until after the summary judgment motion was resolved and shortly prior to the pretrial order being filed. Also, because the issue of who manufactured the gown is not in issue in the present suit, the disposition of this action will not impair applicant's ability to protect its contention that it was not the manufacturer of the gown.

### III. PERMISSIVE INTERVENTION.

■ Permissive intervention under Rule 24(b) is appropriate if three factors are present. First, the applicant's claims in the main action must have a question of law or fact in common. Second, the application to intervene must have been timely made. Finally, the granting of the application must not unduly delay or prejudice the adjudication of the rights of the original parties. *See, Stallworth v. Monsanto Company,* 558 F.2d 257 (5th Cir.1977).

Permissive intervention must be denied in the present case. The applicant's claim that it is not the manufacturer of the gown does not have a common question of law or fact with the main action, in which the issues in contention are whether the plaintiff was wearing the defendant's gown and whether that gown was defective. Moreover, timeliness is again a problem, though whether the application was timely or not need not be decided. Furthermore, this action is now on the eve of trial, and allowing a new party in the case would very likely delay trial. Sears contends that it would need discovery on the issues raised by the applicant and that it might wish to assert a cross claim against the applicant. Furthermore, Sears asserts that the new issue of the manufacturer of the gown would prejudice its interests because the jury could become confused when Sears first argues that the plaintiff was not wearing one of their gowns, and then says that the applicant manufactured the gown. Any prejudice to applicant because of a denial of intervention is minimal, since it can fully protect its interest through the Illinois litigation.

In conclusion, applicant's motion for intervention is DENIED under both Rule 24(a) and Rule 24(b).

SO ORDERED.

---

**1.** As this court decided in its July 25, 1988 order, Sears is considered under Georgia law to be an "ostensible manufacturer," which can give rise to product liability. Order, pp. 10–13.