**UNITED STATES of America,**
**Plaintiff-Appellee,**

**and**

**Mary Laura Brookins, et al.,**
**Plaintiffs-Appellants,**

v.

**SOUTH BEND COMMUNITY SCHOOL**
**CORPORATION, et al.,**
**Defendants-Appellees.**

No. 82–2910.

United States Court of Appeals,
Seventh Circuit.

Argued April 4, 1983.

Decided June 23, 1983.

Rehearing Denied Sept. 7, 1983.

David W. Albert, South Bend, Ind., for plaintiffs-appellants.

Louise A. Lerner, Asst. Atty. Gen., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Kathleen K. Brickley, South Bend, Ind., for defendants-appellees.

Before BAUER and POSNER, Circuit Judges, and JAMESON, Senior District Judge.*

POSNER, Circuit Judge.

■ This is the second time in recent months that we have been asked to reverse an order refusing to allow intervention, entered by the district judge who is presiding over the South Bend, Indiana school desegregation case. In the previous case, *United States v. South Bend Community School Corp.*, 692 F.2d 623 (7th Cir.1982), the National Association for the Advancement of Colored People and a group of South Bend parents called Clay Quality Education II were the would-be intervenors. Although they were not allowed to intervene, their objections to the proposed consent decree led the parties to the suit—the Department of Justice and the South Bend school board—to renegotiate the decree. The renegotiated decree was approved by the district court on April 17, 1981. It was not until September 8, 1981—the day the school year began and the decree went into effect (this court having on August 5 vacated its stay of the decree pending appeal, see 692 F.2d at 627)—that the would-be intervenors in the present case, a group of mostly black parents known as the "Brookins class," filed their motion to intervene. (Actually, they filed an independent lawsuit against the school board, but consented to have their complaint treated as a motion to intervene in the Justice Department's suit.) The district court, 95 F.R.D. 407 (D.C.1982), denied their motion, and they appeal.

Our previous decision, along with many similar decisions in this and other circuits, see, e.g., *United States v. Board of School Comm'rs of Indianapolis*, 466 F.2d 573 (7th Cir.1972); *Penick v. Columbus Education Ass'n*, 574 F.2d 889 (6th Cir.1978) (per curiam); *Hoots v. Commonwealth of Pennsylvania*, 672 F.2d 1133 (3d Cir.1982), largely disposes of this appeal. In dealing in our previous decision with the NAACP's motion to intervene, we pointed out that Rule 24(a)(2) of the Federal Rules of Civil Proce-

---

* Hon. William J. Jameson of the District of Montana, sitting by designation.

dure creates a right to intervene only if the interest of the would-be intervenor is not adequately represented by an existing party, and that since both the NAACP and the Department of Justice wanted the same thing—desegregation of the South Bend public schools—the Department of Justice was presumed to be an adequate representative of the NAACP's interest. 692 F.2d at 628. The Brookins class has the same interest as the NAACP and so of the Department—desegregating the South Bend public schools. No more than in the previous round is there any allegation that the Department of Justice is incompetent, or acting in bad faith, or colluding with the school board.

The appellants note the statement in our previous opinion that "the NAACP has not attacked the proposed plan as constitutionally or otherwise inadequate and has merely suggested improvements," *id.,* and point out that they do contend the plan is inadequate and unconstitutional. But the quoted statement was an observation, not a holding. Adequacy of representation and the substantive nature of the would-be intervenor's challenge are analytically distinct. If a parent could intervene in a school desegregation suit as of right merely by stating his concern in constitutional terms, or by denouncing the decree rather than seeking to modify it incrementally, the requirement of adequacy of representation would be a dead letter, and school desegregation suits would become unmanageable.

Nor was the Brookins class entitled to a hearing to explore its substantive allegations. That would have amounted to granting the motion to intervene. We acknowledge some superficial appeal to the appellants' contention that if the decree is as bad as they say it is, their interests are not being adequately represented by the Department, and that the district court could not determine whether it was as bad as they say it is without granting them a hearing. But the appellants could if they had wanted prosecute their own suit against the school board. They started down that road but then decided to piggyback on the Department. This they could do only within the limits of Rule 24(a)(2), which makes inadequacy of representation an absolute requirement in order to prevent litigation from becoming hopelessly complex.

■ There is an alternative basis for the district court's denial of the motion to intervene. Rule 24(a)(2) requires that the motion to intervene be "timely," although it does not attempt to define the term or specify rigid time limits. The purpose of the requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal. As soon as a prospective intervenor knows or has reason to know that his interests might be adversely affected by the outcome of the litigation he must move promptly to intervene. The revised consent decree was entered on April 17 and long before then its outlines were perceptible. Nevertheless, the Brookins class waited four and a half months after the decree was entered to file its motion. It should have filed within days of the April 17 order, if not sooner; there was no excuse for waiting till the school year began, so that if the motion had been granted the implementation of the decree would have been delayed. "[A] motion to intervene after entry of a decree should be denied except in extraordinary circumstances." *Delaware Valley Citizens' Council for Clean Air v. Commonwealth of Pennsylvania,* 674 F.2d 970, 974 (3d Cir.1982). There were none here.

■ Insofar as the appeal challenges the district court's refusal to allow permissive intervention (Rule 24(b)(2)), it is frivolous in light of our previous decision. See 692 F.2d at 629. And since the appellants were properly excluded from the lawsuit they do not have the rights of parties and therefore cannot as they wish to do appeal from, and hence get us to determine the validity or adequacy of, the consent decree.

AFFIRMED.