UNITED STATES of America, Plaintiff,

v.

**36.96 ACRES OF LAND, MORE OR LESS, SITUATE IN the COUNTY OF La-PORTE, STATE OF INDIANA, and Northern Indiana Public Service Company, et al., and Unknown Owners, Defendants.**

No. H 78–317.

United States District Court,
N.D. Indiana,
Hammond Division.

Dec. 8, 1983.

R. Lawrence Steele, U.S. Atty., Hammond, Ind., for plaintiff.

Gene M. Jones, LaPorte, Ind., Frederick Nymeyer, South Holland, Ill., Donald Haverstock, LaPorte County Treasurer, LaPorte, Ind., Frederick H. Link, Hammond, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

### I.

This case is presently before the court on the motion to intervene of the petitioner, Save the Dunes Council (Council) under Rule 24 Fed.R.Civ.P. The following facts are not disputed. On August 7, 1978, plaintiff, United States of America (United States) filed its "Notice of Condemnation" affecting 36.95 acres of land owned by Northern Indiana Public Service Company (NIPSCO) adjacent to its Michigan City Generating Station. NIPSCO filed its answer, objections to condemnation and motion to sustain objections on September 25, 1978. Subsequently, a request for a hearing on NIPSCO's legal objections was filed on October 26, 1981. A trial date of February 8, 1982 was set by order of the court October 9, 1981. That trial setting was vacated by order of January 22, 1982. On April 4, 1982, the Council filed a motion to intervene as a plaintiff under Rule 24. NIPSCO's response to the motion to intervene and a motion to strike were docketed April 8, 1982. Council then filed a memorandum in support of its motion to intervene and an answer to NIPSCO's motion to strike on April 20, 1982.

On September 7, 1983, the United States and NIPSCO entered into a stipulation and joint motion to dismiss. A pretrial conference was held in Lafayette, Indiana on October 20, 1983 where oral argument was heard on the intervention issue and the parties were instructed to file supplementa-

ry briefs by October 31, 1983. In addition, the Council filed, in open court, a copy of a pleading related to the subject matter of this case, a complaint for mandamus under 28 U.S.C. § 1361, which had been filed on October 19, 1983 in the United States District Court for the District of Columbia. In compliance with this court's directive, supplemental briefs were filed by the Council on October 31, 1983 and by NIPSCO on November 1, 1983. To date, the United States had made no independent response to the Council's motion to intervene.

## II.

■ To intervene as of right under Rule 24(a)(2) Fed.R.Civ.P.[1], a proposed intervenor must show: (1) timely application; (2) an interest relating to the property or transaction which is the subject of the action; (3) that the disposition of the action may as a practical matter impair or impede his ability to protect that interest; and (4) that the interest is not adequately represented by existing parties. *Gautreaux v. Pierce,* 690 F.2d 616 (7th Cir.1982).

■ Timeliness is a threshold question in a Rule 24(a) application and is determined by the court from all the circumstances in the exercise of its sound discretion. *Federal Deposit Insurance Corporation v. Hanrahan,* 612 F.2d 1051, 1053 (7th Cir.1980). As soon as a prospective intervenor knows or has reason to know his interest may be adversely affected by the outcome of the litigation, he must move promptly to intervene. *United States of America v. South Bend Community School Corp.,* 710 F.2d 394 (7th Cir.1983). NIPSCO contends that the Council should not be allowed to intervene at this time because the Council had ample opportunity to petition the court prior to the time of the original parties' settlement. A careful review of the court record in this action indicates that the first reference to a possible

settlement was alluded to in the joint motion for extension of time filed by the United States and NIPSCO on January 12, 1982. The Council filed its motion to intervene on April 2, 1982 while the parties' joint motion for dismissal was not filed until more than a year later on September 7, 1983. From the commencement of this action to the early months of 1982, the Council had no reason to believe that intervention would be required to protect its alleged interest in the tract of land since condemnation of the NIPSCO property would seem to effectuate the intent of Congress as manifested in a series of National Lakeshore expansion bills, all of which included the area at issue in this case. Moreover, there has been neither a trial nor an extensive exchange of pleadings. Thus, the first requirement—timeliness—has been met by the Council.

The second test the Council must meet concerns a determination as to whether or not it has an interest relating to the property or transaction which is the subject of the action. Council alleges that it has an environmental interest in that for the past 30 years it has been actively engaged in, and, has been at the forefront of, the campaign to preserve and protect the Indiana Dunes for public use and enjoyment.

There is as yet no consensus of what constitutes a litigable interest for purposes of standing and intervention under Rule 24(a). C.A. Wright, Law of Federal Courts, at 503 (4th ed. 1983). The more liberal view is set forth in *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.,* 386 U.S. 129, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967). That case expanded the application of "interest" by holding that a state, a customer, and a competitor all have a sufficient interest to intervene in a government antitrust divestiture proceeding. *Cascade* gives a decidedly broad interpretation to Rule 24 while noting that intervention of right is:

> ject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

---

1. Rule 24(a)(2) of the Federal Rules of Civil Procedure provides in pertinent part:

    Upon timely application anyone shall be permitted to intervene in an action ... (2) when the applicant claims an interest relating to the property or transaction which is the sub-

... a kind of counterpart to Rule 19(a)(2)(i) on joinder of persons needed for just adjudication: where, upon motion of a party in an action, an absentee should be joined so that he may protect his interest which as a practical matter may be substantially impaired by the disposition of the action, he ought to have a right to intervene in the action on his own motion. *Id.* at 134 n. 3, 87 S.Ct. at 936 n. 3

However, the most recent interpretation of Rule 24(a)(2) by the Supreme Court has added a gloss that the rule is referring to a direct, "significantly protectable" interest in the property or transaction subject to the action. *Donaldson v. United States,* 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971). Cases in this circuit construing a Rule 24(a) interest also emphasize an interest which is legally protectable. In *Wade v. Goodschmidt,* 673 F.2d 182 (7th Cir.1982), the court relied on this definition of "interest":

> [A]n interest, to satisfy the requirements of Rule 24(a)(2) must be significant, must be direct rather than contingent, and must be based on a right which belongs to the proposed intervenor rather than to an existing party to the suit. *Id.* at 185–86 n. 5. See also *Heyman v. Exchange National Bank of Chicago,* 615 F.2d 1190 (7th Cir.1980).

Clearly, the party with the paramount interest, indeed, the only legal interest, in the land at issue is NIPSCO. While the Council has played a laudatory role in the development of the Indiana Dunes National Lake Shore, with respect to this tract of land, it is essentially a private citizen with no interest in the property sought to be condemned to warrant intervention as a right.

Because the Council does not assert an interest in the property subject to this action, it has no protectable interest that can be impaired or impeded. Nor does it have the right to assert that its interest is being inadequately represented by the existing parties.

[5] Moreover, the Council cannot avail itself of the permissive intervention allowed by Federal Rule of Civil Procedure 24(b). Rule 24(b) provides in pertinent part:

> Upon timely application anyone may be permitted to intervene in an action ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common .... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

While the Council's claim and this action center on the same factual basis, i.e. the condemnation of the same tract of land, this court concludes that permissive intervention should be denied in order to avoid the likelihood of undue delay and prejudice to the rights of the original parties.

Four years have elapsed since the institution of this suit and the original parties have submitted a stipulated judgment for the court's approval. To allow intervention at this point in time to a party with no legal interest in the private property which is the subject of the proceeding and whose position is contrary to that of both the original parties, would serve no viable purpose except to prolong an already lengthy and tired lawsuit. Accordingly, it is ordered that the Council's motion for intervention under Rule 24 be and hereby is DENIED.