UNITED STATES of America, Plaintiff,

v.

MID–STATE DISPOSAL, INC., Felker Brothers Corporation, Steel–King Industries, Inc., and Weyerhaeuser Company, Defendants.

The STATE OF WISCONSIN, Plaintiff,

v.

MID–STATE DISPOSAL, INC., Felker Brothers Corporation, Steel–King Industries, Inc., and Weyerhaeuser Company, Defendants.

Nos. 89–C–1017–S, 89–C–1023–S.

United States District Court,
W.D. Wisconsin.

May 25, 1990.

**574**

Jerome Kujawa, Asst. Regional Counsel, for U.S. Protection Agency.

Asst. U.S. Atty. Mark A. Cameli, Asst. Atty. Gen. Lisa Levin, for plaintiffs.

John D. Day, Spencer, Wis., Bradley D. Jackson, of Foley & Lardner, Madison, Wis., Rolf Engh, of Lindquist & Vennum, Minneapolis, Minn., Mark A. Thimke, of Foley & Lardner, Milwaukee, Wis., for defendants.

## ORDER

SHABAZ, District Judge.

At a 7:45 a.m. telephone status conference on March 28, 1990 the Court heard and granted a motion for entry of the consent decree filed by the United States on March 27, 1990. Later that day a motion to intervene was filed by American Seating Company, Primerica Corp. and Wick Building Systems, Inc. ("Intervenors").

Intervenors argue that they intended their motion be filed prior to the entry of the consent decree. It will be considered so filed. The motions to intervene and to reconsider have been fully briefed and are ready for decision. The surreply filed by the United States on May 7, 1990 will not be considered because it was not filed in accordance with this Court's briefing schedule as noted in intervenors' May 15, 1990 objection.

## FACTS

The Mid–State Disposal site, a landfill contaminated with hazardous substances which is located in the town of Cleveland, Marathon County, Wisconsin, was identified by the United States Environmental Protection Agency (EPA) as a site of environmental contamination and placed on the National Priorities List empowering the federal government to clean up the site and recover the costs of cleanup from statutorily defined "responsible parties," or to compel the parties to perform the cleanup. Twenty-two companies were identified as responsible parties including the defendants and the intervenors. Twenty-eight municipalities who arranged for and disposed of municipal waste at the site were identified as contributors to the contamination. The companies were sent notices ad-

vising them of their potential liability but the municipalities were not so notified.

On May 15, 1989 after approximately six and one half months of negotiations between a group of responsible parties and the United States of America and the State of Wisconsin, the non-settling responsible parties withdrew from the negotiations. An agreement between the remaining parties was then reached.

On November 15, 1989 the United States filed this civil action for injunctive relief and recovery of costs under Sections 106(a) and 107 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. §§ 9606(a) and 9607, as amended by the Superfund Amendments and Reauthorization Act of 1986 ("CERCLA") against the settlors and simultaneously lodged with the Court a proposed consent decree which resolves the claims asserted in this action by requiring the defendants to perform remedial actions to cost approximately $19 million and to fund future oversight costs of the EPA and the Wisconsin Department of Natural Resources ("WDNR").

On November 17, 1989 the State of Wisconsin filed an action against the same defendants seeking past costs incurred by the WDNR for the response actions associated with the site. The court consolidated these two cases on November 28, 1989, pursuant to the State's motion.

The United States published a notice of lodging the decree in the Federal Register pursuant to sec. 122 of CERCLA, 42 U.S.C. § 9622, on December 14, 1989. The public was provided an opportunity to comment on the proposed decree within thirty days of the notice. Written comments were received from Wick Building Systems, Inc. and the Central Wisconsin Communities. On December 28, 1989 the Central Wisconsin Communities objected to the control over the negotiations by defendant Weyerhaeuser. The objections filed by Wick Systems, Inc. on January 2, 1990 noted that the decree was for the sole benefit of Weyerhaeuser, that EPA refused to negotiate with them and that they were not given an opportunity to consider joining the consent decree. On February 23, 1990 Wick filed an objection to a late signing provision for Central Wisconsin Communities. These objections were addressed and rejected by the Court at the March 28, 1990 hearing.

Defendants in CERCLA actions may bring contribution actions against any other person that may be liable for the cleanup costs. CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1). To encourage settlement persons that enter into judicially approved settlement agreements are protected from such contribution actions. CERCLA § 113(f)(2), § 9613(f)(2).

OPINION

The Court will address the merits of the motion to intervene as if it were filed prior to the entry of the consent decree. Intervenors contend that they have a right to intervene pursuant to Rule 24(a), Federal Rules of Civil Procedure and section 113(i) of CERCLA, 42 U.S.C. § 9613(i) or in the alternative that they are entitled to permissive intervention under Rule 24(b), Federal Rules of Civil Procedure.

CERCLA section 113(i), 42 U.S.C. § 9613(i) provides:

In any action commenced under this chapter ... in a court of the United States, any person may intervene as a matter of right when such person claims an interest relating to the subject of the action and is so situated that the disposition of the action may, as a practical matter, impair or impede the person's ability to protect that interest unless the President or the States show that the person's interest is adequately represented by existing parties.

Federal Rules of Civil Procedure, Rule 24(a) provides:

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a prac-

tical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

■ Both sections establish a four part requirement for an intervention of right: (1) the motion is timely; (2) the applicant has a sufficient interest in the litigation; (3) disposition of the action may, as a practical matter, impair or impede that interest and (4) the interest is not adequately represented by an existing party to the litigation. *See Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir.), *cert. denied sub nom.*, 484 U.S. 947, 108 S.Ct. 336, 98 L.Ed.2d 363 (1987).

Federal Rules of Civil Procedure, Rule 24(b) provides for permissive intervention as follows:

Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common ... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

■ The threshold question under these sections is whether a motion to intervene is timely. *U.S. v. Southbend Community School Corp.*, 710 F.2d 394, 396 (7th Cir. 1983), *cert. denied*, 466 U.S. 926, 104 S.Ct. 1707, 80 L.Ed.2d 181 (1984). The Court will decide this question based on the assumption that the motion was filed just prior to the entry of the consent decree rather than the same day.

■ In *Bloomington, Ind. v. Westinghouse Elect. Corp.*, 824 F.2d 531 (7th Cir. 1987), the Seventh Circuit Court of Appeals provided a test to determine whether a motion to intervene in a CERCLA action is timely. The factors to be considered are: the length of time the intervenor knew or should have known of his or her interest in the case; the extent of prejudice to the original litigating parties from the intervenor's delay; the extent of prejudice to the would-be intervenor if his or her motion is denied; and any unusual circumstances.

The *Bloomington* case involved a public interest group that twice sought to intervene in the government's action under CERCLA against Westinghouse. The first was almost 11 months after it had knowledge that its interests could be affected by the case and the second time was one month after the Department of Justice filed notice of the proposed consent decree in the Federal Register and solicited public comments. After applying the four factors, the Seventh Circuit held that the motions were untimely and properly denied by the District Court.

The Court held in *Bloomington* that where the prospective intervenor had known for eleven months of its interest, the motion for intervention was untimely. These intervenors knew of their interest in the present case no later than the day the proposed consent decree was lodged with the Court on November 15, 1989 and after they had participated in settlement discussions over the previous year. The length of time that the intervenors knew of their interest in the case prior to filing their motion to intervene makes the motion untimely. Intervenors' argument that their motion for intervention is timely because the existing parties have not joined issues in the pleadings is without merit because the proposed consent decree was lodged with the Court in November 1989 and no responsive pleadings were necessary.

If intervenors are allowed to intervene the delay in filing their motion for intervention would result in undue prejudice to the original litigating parties. In *Bloomington*, the Court of Appeals held an intervenor's delay to act promptly caused unfair prejudice to the original parties because they had to renegotiate and delay the implementation of environmental cleanup.

The intervenors' delay in this case would render the negotiations between the original parties a waste of time and stall the implementation of the remedy designed to benefit the public health and safety at the site. The original litigating parties as well as the public would be prejudiced. The Court finds that the prejudice to the origi-

nal parties makes the motion to intervene untimely.

Intervenors argue that if they are not allowed to intervene they will be prejudiced because they may be found liable for a disproportionate share of the cleanup costs in subsequent cost recovery or contribution actions brought by the governments or settling defendants. Protection from contribution actions is a statutory incentive for settlement. After refusing to reach a settlement intervenors cannot now claim prejudice because of potential contribution actions against them.

In addition, intervenors had an opportunity to comment on the proposed consent decree during the public comment period and intervenor Wick made written comments. Intervenors will not be prejudiced if they are not allowed to intervene in this action because they have had an opportunity to object to the proposed consent decree. *Bloomington*, at 537. Since there is no prejudice to intervenors if their motion is denied, the Court finds their motion untimely.

Intervenors do not meet the fourth requirement of *Bloomington*: the existence of unusual circumstances. If the motion to intervene would have been filed just prior to the entry of the consent decree it would have been denied as untimely according to the four factors in *Bloomington*. Accordingly, the Court is not required to address whether the intervenors satisfied the other requirements for intervention by right or permission.

█ Since the consent decree was in fact entered before the motion was filed, the Court will also reconsider its entry of the consent decree. Judicial review of the consent decree is limited to whether it is reasonable, fair and consistent with the purposes CERCLA is intended to serve. The settlement negotiation process is not subject to judicial review. 42 U.S.C. § 9622(a). The balancing of competing interests affected by a proposed consent decree must be left to the discretion of the attorney general. *See United States v. Bechtel Corp.*, 648 F.2d 660, 666 (9th Cir.1981).

In *United States v. Acton Corp.*, 733 F.Supp. 869 (D. N.J.1990), non-settlors intervened to challenge a proposed decree on the grounds that resulting potential liability to non-settlors placed a financial burden on them disproportionate to their volumetric share of the waste. In dismissing this argument the Court considered its limited role of judicial review in CERCLA settlements, the strong statutory preference for settlements that provide for expeditious cleanup of sites, and the limited need to consider objections of non-settlors. This Court finds as the Court did in *Acton* that intervenors' challenge of the fairness of the decree is without merit.

It is not within the Court's purview to closely scrutinize the allocation of liability among the potentially responsible parties. The Court's core concern must be whether the proposed consent decree furthers the interest of CERCLA, and one of these interests is to encourage settlement to promote the speedy resolution of harmful environmental concerns. This Court finds that the consent decree in this case is fair, reasonable and consistent with the goals of CERCLA.

Before entering the consent decree the Court did address the written objections by intervenor Wick Systems, Inc. and found them to be without merit. The Court does not find it necessary to address these concerns again on a motion for reconsideration.

Intervenors claim that they have been prejudiced by a "late signer" provision in the consent decree. The consent decree does not incorporate such a provision. As the Court stated in its order granting the motion of the United States to enter the consent decree: "The United States has not provided to the defendant Weyerhaeuser Company control over the ability of the government to settle with any other parties, including members of the Central Wisconsin Communities." Although the positions of the municipalities and the intervenors are not identical, at this time neither are parties to the consent decree.

Intervenors have not convinced the Court that there is any reason to vacate its entry of the consent decree. Accordingly, their motion for reconsideration will be denied.

## ORDER

IT IS ORDERED that the motion to intervene by American Seating Company, Primerica Corporation and Wick Building Systems, Inc. is DENIED.

IT IS FURTHER ORDERED that their motion to reconsider the entry of the consent decree is DENIED and the entry of the consent decree is AFFIRMED.