UNITED STATES of America, and Frank J. Kelley, Attorney General of the State of Michigan, and the State of Michigan, Plaintiffs,

v.

ABC INDUSTRIES, f/k/a Peabody ABC, et al., Defendants.

No. 4:92–CV–163.

United States District Court, W.D. Michigan, S.D.

Aug. 30, 1993.

W. Francesca Ferguson, Asst. U.S. Atty., Michael H. Dettmer, U.S. Atty., Grand Rapids, MI, Thomas A. Mariani, Jr., U.S. Dept. of Justice, Environment & Natural Resources Div., Environmental Enforcement Section, Washington, DC, Leslie E. Lehnert, U.S. Dept. of Justice, Environmental Enforcement Section, Washington, DC, Vicki A. O'Meara, U.S. Dept. of Justice, Environment & Natural Resources Div., Washington, DC, for U.S.

Roger Grimes, Asst. Regional Atty., U.S. Environmental Protection Agency, Chicago, IL, Robert P. Reichel, Asst. Atty. Gen., Frank J. Kelley, Atty. Gen., Environmental Protection Div., Lansing, MI, for Frank J. Kelley and State of Mich.

Jon R. Muth, Miller, Johnson, Snell & Cummiskey, Grand Rapids, MI, for Arco Industries Corp., Essex Intern., Inc., and Landscape Forms, Inc., and the Upjohn Co.

John Charles Martin, Patton, Boggs & Blow, Washington, DC, for Basf Corp.

Dustin P. Ordway, Dickinson, Wright, Moon, Van Dusen, et al. Grand Rapids, MI, for Bronson Specialties Inc., Champion Intern. Corp., and Difco Laboratories, Inc., and Michigan Carton Corp.

John R. LaParl, Jr., Smith, LaParl & Mequio, Portage, MI, for Cello–Foil Products, Inc. and Keyes–Davis Co.

Neal H. Weinfield, Bell, Boyd & Lloyd, Chicago, IL, for Colwell–General/General Color Graphics and Kewaunee Scientific Corp.

Eugene E. Smary, Warner, Norcross & Judd, Grand Rapids, MI, for Kellogg Co., Owens–Illinois, Inc., and Sara Lee Corp.

Larry C. Willey, Grand Rapids, MI, Timothy A. Vanderver, Jr., John Charles Martin, Patton, Boggs & Blow, Washington, DC, Kristen E.D. Rickman, Larry Willey Law Office, Grand Rapids, MI, for General Food Corp.

Larry C. Willey, Kristen E.D. Rickman, Larry Willey Law Office, Grand Rapids, MI, Timothy C. Russell, Stuart E. Hunt, Sonnenschein, Nath & Rosenthal, Washington, DC, for Hoover Universal Inc.

## OPINION

ROBERT HOLMES BELL, District Judge.

General Foods Corporation and Hoover Universal, Inc. (the "movants") jointly seek leave to intervene in this action brought by the United States of America and the State of Michigan (the "plaintiffs") under, among

other things, the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, as amended. They assert that they are seeking intervention for the "limited purpose of challenging the terms of the proposed *de minimis* consent decree lodged with the Court on November 25, 1992." For the reasons given below, the request is DENIED.

### Background

On November 25, 1992, the plaintiffs brought this action under CERCLA and the Michigan Environmental Response Act ("MERA"), Mich.Comp.Laws § 299.601, *et seq.*, as amended, to recover response costs incurred (or that may be incurred in the future) by them in addressing the contamination at the Verona Well Field Superfund Site (the "Site") in Battle Creek, Michigan and to execute various clean up activities. At the same time, the plaintiffs also lodged with this Court a consent decree between the plaintiffs and the defendants, who are alleged to have contributed minimally, or in the *de minimis* amounts, to the contamination at the Site.

The proposed settlement, as embodied in the consent decree, allegedly resolves the defendants' liability at the Site. Under the consent decree, the defendants would pay a certain sum of money to the plaintiffs for the past and estimated future costs for the clean up; in return, each defendant would receive a "covenant not to sue" from the plaintiffs for any costs they incurred in the past, or may incur in the future, at the Site. Also, each defendant would receive, pursuant to 42 U.S.C. § 9622(g)(5), "contribution protection" from any claim by other potentially responsible parties ("PRPs") for contribution toward response costs incurred at the Site.

Plaintiffs in this action have also sued the movants in other related cases concerning the cleanup of the Site. *See United States v. General Foods Corporation,* File No. 1:90–CV–397 (W.D.Mich.) (Bell, J.); *United States v. Cello-Foil Products, Inc.,* File No. 1:92–CV–713 (W.D.Mich.) (Bell, J.); *Kelley v. Cello-Foil products, Inc.,* File No. 4:92–CV–139 (W.D.Mich.) (Bell, J.). As a result, the movants are alleged to be principal PRPs at the Site. They have also negotiated a putative separate settlement with the United States in *United States v. General Foods Corporation, supra.*

Movants now request that they should be allowed to intervene in this action under Fed.R.Civ.P. 24 and section 113(i) of CERCLA, 42 U.S.C. § 9613(i), for the "limited purpose" of challenging the consent decree entered between the plaintiffs and the defendants. In their words, the movants believe that the intervention should be allowed because:

> General Foods and Hoover are two of the parties alleged to be potentially responsible for response costs at the Site, and any liability of General Foods, Hoover, and other non-settling PRPs with respect to claims for past and future response costs will be reduced by the amount of the *de minimis* settlement embodied in the consent decree. In addition, any claims for contribution General Foods and Hoover might have against the defendants here will be extinguished by entry of consent decree.

Memorandum in Support of Joint Motion of General Foods and Hoover for Leave to Intervene for the Limited Purpose of Challenging Consent Decree at 2.

Plaintiffs and the defendants oppose the intervention.

### Discussion

#### A.

Under CERCLA, section 113(i) provides the route to intervention. It states that:

> In any action commenced under this chapter or under the Solid Waste Disposal Act [42 U.S.C. § 6901 *et seq.*] in a court of the United States, any person may intervene as a matter of right when such person claims an interest relating to the subject of the action and is so situated that the disposition of the action may, as a practical matter, impair or impede the person's ability to protect that interest, unless the President or the State shows that the person's interest is adequately represented by existing parties.

42 U.S.C. § 9613(i).

More generally, Rule 24 provides two methods of intervention: "intervention of

right" under section (a) and "permissive intervention" under section (b). These sections provide, in pertinent part, as follows:

(a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) **Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The standard for "intervention of right" under Rule 24(a)(2) is similar to the standard for intervention under section 113(i) of CERCLA. Under both provisions, the would-be intervenor must satisfy a four-part test:

(1) the party's motion must be timely; (2) the party must assert an interest relating to the property or transaction which is the subject of the action; (3) the party must be so situated that without intervention the disposition of the action, may, as a practical matter, impair or impede its ability to protect its interest; and (4) the party's interest must not be adequately represented by other parties.

*State of Arizona v. Motorola, Inc.,* 139 F.R.D. 141, 144 (D.Ariz.1991); *United States v. Mid–State Disposal, Inc.,* 131 F.R.D. 573, 576 (W.D.Wis.1990).

The only distinction between the two provisions is the difference in the burden of proof regarding the fourth prong of the test: Under Rule 24(a)(2), a would-be intervenor has the burden of proof on the fourth element; by contrast, Section 113(i) places the burden of proof on the government. *United*

*States v. Acton Corp.,* 131 F.R.D. 431, 433 (D.N.J.1990).

And as to "permissive intervention,"

Rule 24(b) grants the district court discretionary power to permit intervention if the motion is timely, and if the applicant's claim or defense and the main action have a question of law or fact in common.

*Purnell v. City of Akron,* 925 F.2d 941, 950 (6th Cir.1991) (citation and internal quotation marks omitted). But in exercising that discretionary power, the district court "must consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* at 951. Where a would-be intervenor has "other adequate means of asserting her rights," it is not an abuse of discretion to deny a request for permissive intervention. *Head v. Jellico Housing Authority,* 870 F.2d 1117, 1124–25 (6th Cir.1989).

Applying these principles to the context of CERCLA consent decrees, courts have generally refused to allow intervention. *See, e.g., Bloomington v. Westinghouse Electric Corp.,* 824 F.2d 531 (7th Cir.1987) (timeliness problem); *United States v. BASF–Inmont Corp.,* 819 F.Supp. 601, 605–608 (E.D.Mich. 1993) (same); *Motorola,* 139 F.R.D. at 144–47 ("lacking a substantial and legally protectable interest" and "frustrat[ing] the CERCLA statutory scheme"); *United States v. Beazer East, Inc.,* 22 Chem.Waste Litig.Rep. 218, 220–25, 1991 WL 557609 (N.D.Ohio March 6, 1991) (similar); *United States v. Bliss,* 132 F.R.D. 58, 59–61 (E.D.Mo.1990) (timeliness problem); *Mid–State Disposal,* 131 F.R.D. at 575–77 (same).

On the other hand, some courts have allowed intervention in the CERCLA consent decree context. *See, e.g., Utah by Utah State Dep't of Health v. Kennecott Corp.,* 801 F.Supp. 553, 572 (D.Utah 1992) (denying "intervention of right" but granting "permissive intervention" to a party "uniquely situated to significantly contribute to the underlying factual and legal issues"); *Acton Corp.,* 131 F.R.D. at 432–36 (allowing intervention under Rule 24(a)(2) and CERCLA Section 113(i)); *In re Acushnet River & New Bedford Harbor,* 712 F.Supp. 1019, 1022–26 (D.Mass.1989) (granting "permissive inter-

vention" to an environmental group for, among other things, their "expertise").

**B.**

After careful review, the Court does not believe that the intervention should be allowed. First, the movants lack the sort of "interest" required for "intervention of right" under Rule 24(a)(2) and section 113(i) of CERCLA. Second, the Rule 24(b) "permissive intervention" under Rule 24(b) cannot be allowed because of the likelihood of causing undue prejudice to the rights of the settling parties.

**(1).**

**(a).**

■ To intervene under Rule 24(a)(2), there must be a showing of a "direct, substantial, and legally protectable" interest. *New Orleans Public Service, Inc. v. United Gas Pine Line Co.*, 732 F.2d 452, 463–64 (5th Cir.) (*en banc*), *cert. denied*, 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984). Economic interest, without any reference to substantive law, is insufficient. *Id.* That interest, moreover, cannot be contingent or speculative. *See Motorola*, 139 F.R.D. at 146; *Beazer East, Inc.*, 22 Chem.Waste Litig.Rep. at 224.

In this case, the movants advance two interests. First, the reduction of their amount in liability through the *de minimis* settlement. Second, any "contribution claims" that the movants may have against the defendants.[1] *See* Memorandum in Support of Joint Motion of General Foods and Hoover for Leave to Intervene for the Limited Purpose of Challenging Consent Decree at 2.

Neither satisfies the Rule 24(a)(2) requirements. The interest in retaining CERCLA contribution claims, though they do not appear contingent or speculative here, is not "significantly protectable." *New Orleans Public Service*, 732 F.2d at 464. Under CERCLA, that interest is expressly subordinated by the desire for the early *de minimis* settlements and the finality of judgments obtained through the settlements. *See* 42 U.S.C. § 9622(g)(1) & (5) (whenever practicable and in the public interest, the government should reach a final settlement with a de minimis party as "promptly as possible" and these settlements "shall not be liable for claims for contribution regarding the matters addressed in the settlement"). Moreover, the movants' interest in reducing the total liability against them by challenging the *de minimis* settlement must be characterized as an "indirect" interest. It merely concerns an effect of a settlement agreement. *See* 42 U.S.C. § 9622(g)(5) (describing "effect of agreement"). To be sure, treating this interest as a "direct" one would confer all nonsettling PRPs who are somehow financially affected by a *de minimis* settlement agreement the right to intervene to a litigation at the time when it is almost at a close. This would effectively thwart the CERCLA's statutory goal of facilitating a rapid settlement to conserve the Superfund resources for cleanups, particularly for the *de minimis* parties. *See* 42 U.S.C. § 9622(g)(1); *see also BASF–Inmont Corp.*, 819 F.Supp. at 607; *In re Acushnet River*, 712 F.Supp. at 1027 & n. 13.[2]

Moreover, the possibility of a disproportionate share of CERCLA liability falling on the non-settlers has been well-accepted. Courts have noted that Congress allowed this possibility, however unfair it may seem, to exist. *See United States v. Cannons Engi-*

---

1. In the reply brief, the movants clarify that they actually do have contribution claims against some of the defendants in *United States v. General Food Corporation*, File No. 90–CV–397. *See* General Foods Corporation and Hoover Universal, Inc.'s Reply in Support of Motion for Leave to Intervene for Limited Purpose of Challenging Consent Decree at 7.

2. Movants suggest that the court in *Woodland Private Study Group v. State of New Jersey, Dep't of Environmental Protection*, 616 F.Supp. 794 (D.N.J.1985), recognized that a party's potential for being jointly and severally liable with other parties for all the cleanup costs at a site is a "direct and substantial interest in the litigation." *Id.* at 799. Movants' reliance, however, is misplaced. *Woodland Private Study Group* is not a CERCLA case; it is a case involving a New Jersey state environmental statute that predates CERCLA. *See id.* at 796–97 & n. 1. As such, *Woodland Private Study Group* did not have to consider the CERCLA statutory scheme focusing on the desire for the early settlement. As such, there was no need to balance any competing policies in that case. *See BASF–Inmont Corp.*, 819 F.Supp. at 607.

*neering Corp.*, 899 F.2d 79, 91–92 (1st Cir. 1990) ("Disproportionate liability, a technique which promotes early settlements and deter litigation for litigation's sake, is an integral part of the [CERCLA] statutory plan."); *City of New York v. Exxon Corp.*, 697 F.Supp. 677, 694 (S.D.N.Y.1988) ("To the extent that the non-settling parties are disadvantaged in any concrete way by the applicability of section 113(f)(2) [one of the "contribution protection" provisions] to the overall settlement, their dispute is with Congress").

Accordingly, intervention cannot be allowed under Rule 24(a)(2) in this case.[3]

### (b).

Section 113(i) of CERCLA does not change the matter. By its terms, it allows intervention "as a matter of right" under certain circumstances. The language of the section closely tracks the Rule 24(a)(2) language. And as explained above, section 113(i) essentially requires the same showing of "interest" as under Rule 24(a)(2), which the movants have failed to do here.[4]

### (2).

■ Permissive intervention under Rule 24(b), as set forth above, is a discretionary measure allowed by the district court. In this case, there is no need to exercise that discretion.

As the movants acknowledge themselves, "General Foods and Hoover [have] submitted comments on the proposed consent decree to the Department of Justice, pursuant to 28 C.F.R. § 50.7 and the Notice of Lodging published in the Federal Register on December 10, 1992. 57 Fed.Reg. 58517 (Dec. 10, 1992)." Memorandum in Support of Joint Motion of General Foods and Hoover for Leave to Intervene for the Limited Purpose of Challenging Consent Decree at 7.

As required, these written comments, as well as others, must be reviewed by the Justice Department to determine whether the consent decree is "inappropriate, improper, or inadequate." 42 U.S.C. § 9622(i)(3). This Court, contrary to the movants' unfounded fears, fully expects the Justice Department to execute that responsibility in accordance with law.

Further, those comments, as it is customarily done, shall be reviewed before entry by this Court to determine whether the consent decree is, in fact, "fair, reasonable, and adequate—in other words, consistent with the purposes that CERCLA is intended to serve." *United States v. Akzo Coatings of America, Inc.*, 949 F.2d 1409, 1435 (6th Cir. 1991) (internal quotation marks omitted). This review is not a "rubber stamp approval." *Id.* Among other things, "substantive fairness" must be examined; that is, whether there is a relationship between the settlement figure and the proportion of settlor's waste. *Cannons Engineering Corp.*, 899 F.2d at 87.

In short, then, the movants have "other adequate means of asserting [their] rights," besides the permissive intervention route, to protect their "interest." *Head*, 870 F.2d at 1124. This request cannot be granted.

### Conclusion

For these reasons, "Joint Motion of General Foods and Hoover for Leave to Intervene

---

**3.** This Court recognizes that one federal court in New Jersey, *Acton Corp., supra*, has expressly allowed intervention under Rule 24(a)(2), as well as Section 113(i) of CERCLA. Having carefully reviewed that decision, in light of other contrary decisions and the CERCLA statutory scheme, this Court respectfully declines to follow the holding of *Acton Corp.*.

**4.** Both parties make much of the legislative history of section 113(i) of CERCLA. The United States, relying on comments of a Congressman—made in the "In the Committee of the Whole" session, *see* 131 Cong.Rec. H11069 (daily ed. December 5, 1985) (statement of Rep. Glickman)—argues that section 113(i) was intended to be used by would-be intervenors that had objec-

tions to the selected remedy in a consent decree. There is no question that such a statement was made by the Congressman. *See id.* However, the actual statutory provision, as mentioned in the text, is very similar to the language of Rule 24(a)(2). One may even argue, as the movants do here, that the comments made by the Congressman is not reflective of the actual intent of the statutory section.

In light of these ambiguities, the Court finds the use of the legislative history dubious here. *See City of New York v. Exxon Corp.*, 633 F.Supp. 609, 613 n. 2 (S.D.N.Y.1986) (noting same for another section). Without more, this Court declines to adopt either of the positions taken by the parties.

for the Limited Purpose of Challenging Consent Decree" is hereby DENIED.