52 F.3d 326
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee;
Citizens United, Proposed Intervenor-Appellant,
v.
BASF-INMONT CORPORATION; Chrysler Corporation; Ford Motor
Company; General Motors Corporation; Sea Ray Boats,
Incorporated; Reichhold Chemicals, Incorporated; the
Sherwin-Williams Company; Grow Group, Incorporated; Mayco
Plastics, Incorporated; Met-L-Aid, Incorporated;
Allied-Signal, Incorporated; Hoover Universal,
Incorporated; Mercury Paint Company; Lapeer Metal Products
Company; Foamseal, Incorporated; BFI of North Metro,
Incorporated; Richfield Disposal, Incorporated; and
Olsonite Corporation, Defendants-Appellees;
Bundy Corporation, et al., Defendants.
 No. 93-1807.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1995.
 
 Before: KEITH, NORRIS, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Citizens Union appeals the district court's denial of its motion to intervene and seeks review of the district court's entry of a consent decree in this CERCLA action. See United States v. BASF-Inmont Corp., 819 F.Supp. 601 (E.D.Mich.1993). For the reasons stated below, we affirm the denial of the motion to intervene and therefore do not address the entry of the consent decree.
 
 I.
 
 2
 On July 12, 1991, the United States filed this action for injunctive relief pursuant to Sec. 106(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. Sec. 9606(a), as amended by the Superfund Amendments and Reauthorization Act of 1986 (CERCLA). Days later, the United States lodged with the district court a proposed consent decree under Sec. 122 of CERCLA, 42 U.S.C. Sec. 9622, to which the United States and the settling defendants had agreed.
 
 
 3
 In compliance with Secs. 117 and 122(i) of CERCLA, 42 U.S.C. Secs. 9617 and 9622(i), and 28 C.F.R. Sec. 50.7, the United States published in the Federal Register a notice of the proposed consent decree and a period of public comment to last thirty days. See 56 Fed.Reg. 36845 (Aug. 1, 1991). Due to requests by commenters, the United States extended the comment period by thirty days. See 56 Fed.Reg. 42756 (Aug. 29, 1991). Citizens United (CU) is a non-profit Michigan corporation consisting primarily of residents in the vicinity of the Metamora Landfill, the site which is the subject of the proposed decree. On September 26, 1991, CU filed extensive comments expressing opposition to the proposed consent decree.
 
 
 4
 On March 13, 1992, the EPA responded to the comments submitted by CU and other concerned persons. After reviewing the comments and responses, the United States moved the district court for entry of the decree on March 17, 1992. On the same day, the settling defendants also moved for entry of the decree.
 
 
 5
 On April 9, 1992, the district court held a status conference. The district court decided not to hold a public hearing on the issue of whether to enter the proposed decree. The district court's reasons for this decision included the sixty-day opportunity for public comment and the absence of motions to intervene.
 
 
 6
 On August 12, 1992, CU filed its motion to intervene. In an order entered March 24, 1993, the district court denied CU's motion to intervene as untimely and granted the parties' motion for approval of the consent decree. In doing so, the district court considered and rejected CU's principal substantive objections to the decree. On June 30, 1993, the district court denied as untimely CU's motion to intervene for the appeal. This appeal followed.
 
 II.
 
 7
 Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides that, in a civil case, the notice of appeal must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from, "but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry." Fed.R.App.P. 4(a)(1) (emphasis added).
 
 
 8
 In a motion to this court, the settling defendants claimed that CU's notice of appeal, filed approximately fifty days[1] after entry of judgment, was untimely. The settling defendants argued that CU, as a proposed intervenor, is not a "party" within the meaning of Rule 4(a)(1). Therefore, the settling defendants argued, the applicable limitation for time to appeal is the 30-day period.
 
 
 9
 A panel of this court properly denied the motion. Courts apply the 60-day limitation to any case in which the United States or its agency or officer is a party, without regard to the appealing entity's status as a proposed intervenor. See, e.g., Valley Ranch Dev. Co. v. FDIC, 960 F.2d 550, 556 (5th Cir.1992); Mt. Graham Red Squirrel v. Madigan, 954 F.2d 1441, 1462-63 (9th Cir.1992); Diaz v. Trust Territory of the Pacific Islands, 876 F.2d 1401, 1404-05 (9th Cir.1989); Hodgson v. United Mine Workers, 473 F.2d 118, 123 (D.C.Cir.1972). Courts that have confronted the particular argument advanced by the settling defendants have rejected it. See, e.g., Thurman v. FDIC, 889 F.2d 1441, 1447-48 (5th Cir.1989); Boggs v. Dravo Corp., 532 F.2d 897, 899-900 (3d Cir.1976) (former version of Rule 4(a)(1)); see also United Steelworkers v. Jones & Lamson Mach. Co., 854 F.2d 629, 630 (2d Cir.1988). CU's appeal was therefore timely.
 
 III.
 
 10
 For intervention as of right[2] to be proper, the application for intervention must be timely. See Fed.R.Civ.P. 24(a); NAACP v. New York, 413 U.S. 345, 365 (1973); Grubbs v. Norris, 870 F.2d 343, 345 (6th Cir.1989); Triax Co. v. TRW, Inc., 724 F.2d 1224, 1227 (6th Cir.1984).[3] In determining whether a motion to intervene is timely, a court must consider
 
 
 11
 (1) the point to which the suit has progressed;
 
 
 12
 (2) the purpose for which intervention is sought;
 
 
 13
 (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case;
 
 
 14
 (4) the prejudice to the original parties due to the proposed intervenor's failure, after he knew or reasonably should have known of his interest in the case, to apply promptly for intervention; and
 
 
 15
 (5) the existence of unusual circumstances.
 
 
 16
 Bradley v. Milliken, 828 F.2d 1186, 1191 (6th Cir.1987); Stotts v. Memphis Fire Dept., 679 F.2d 579, 582 (6th Cir.), cert. denied sub nom. Orders v. Stotts, 459 U.S. 969 (1982); Michigan Ass'n for Retarded Citizens v. Smith, 657 F.2d 102, 105 (6th Cir.1981). On appeal, the district court's finding that the motion was untimely is reviewable only for an abuse of discretion. Grubbs, 870 F.2d at 345. As set forth below, we conclude that the district court did not abuse its discretion in denying the motion to intervene as untimely.
 
 A. Stage of the Proceeding
 
 17
 As the district court held, the purpose of the timeliness inquiry is to prevent "a tardy intervenor from derailing a lawsuit within sight of the terminal." United States v. South Bend Community Sch. Corp., 710 F.2d 394, 396 (7th Cir.1983), cert. denied sub nom. Brookins v. South Bend Community Sch. Corp., 466 U.S. 926 (1984). For this reason, a motion to intervene filed during the final stages of a proceeding is not favorably viewed.
 
 
 18
 CU argues that the motion to intervene did not come during the final phase of the litigation, because the district court did not approve the decree until seven months after CU filed its motion to intervene. At the time CU filed its motion to intervene, only one step in the litigation remained: the district court's approval of the proposed consent decree. This is the final stage of the proceeding. Therefore, the district court properly found the first factor to weigh against intervention.
 
 B. Purpose
 
 19
 Where intervention would result only in the reconsideration of claims or objections previously presented to and rejected by the district court, the purpose of the intervention is not compelling. United States v. Pitney Bowes, Inc., 25 F.3d 66, 73 (2d Cir.1994) (finding intervention in CERCLA action unnecessary where intervenor previously presented views to district court); City of Bloomington v. Westinghouse Elec. Corp., 824 F.2d 531, 537 (7th Cir.1987) (same); United States v. Mid-State Disposal, Inc., 131 F.R.D. 573, 577 (W.D.Wis.1990) (same). CU's stated purpose in seeking intervention is to oppose entry of the consent decree.
 
 
 20
 As CU concedes in its brief, it has "participated in this litigation as a de facto party from the earliest stages of the administrative process through consideration of the motion to enter the Consent Decree." The district court considered and rejected CU's objections to the consent decree. As the district court held, these circumstances counsel against intervention.
 
 C. Length of Delay
 
 21
 The first step in the inquiry under this factor is determining the point at which the proposed intervenor knew or reasonably should have known of his interest in the case. Actual or constructive knowledge that one's interests might be affected generally suffices. See, e.g., Cuyahoga Valley Ry. Co. v. Tracy, 6 F.3d 389, 396 (6th Cir.1993); Michigan Ass'n for Retarded Citizens, 657 F.2d at 105. Such knowledge will not suffice where the proposed intervenor had reason to believe that his interests were adequately protected by an original party. See Stotts, 679 F.2d at 583.
 
 
 22
 As the district court noted, the objectives of CU and of the United States may differ in terms of the degree of clean-up desired. CU became aware of the differences by, at the latest, July 1991, when the government lodged the consent degree with the district court. See NAACP v. New York, 413 U.S. at 367; Pitney Bowes, Inc., 25 F.3d at 71; Mid-State Disposal, 131 F.R.D. at 576. These differences only became clearer once the government moved for entry of the decree. Even if CU's awareness did not mature until the government moved for entry of the decree, we agree with the district court that the five-month gap between the motion for entry and CU's motion to intervene was inexcusably long.
 
 
 23
 Because of CU's awareness, reliance on the opportunities for comment was inappropriate. See Pitney Bowes, 25 F.3d at 71; Westinghouse Elec., 824 F.2d at 535, 537. This factor counsels against intervention.
 
 D. Prejudice
 
 24
 Where intervention would require renewal of negotiations and a delay in implementing CERCLA remediation, the intervention would prejudice the parties' interests. Pitney Bowes, 25 F.3d at 72; Westinghouse Elec., 824 F.2d at 535-36; Mid-State Disposal, 131 F.R.D. at 576; see also Stotts, 679 F.2d at 584; Michigan Ass'n for Retarded Citizens, 657 F.2d at 105. We agree with the district court that granting CU's tardy motion to intervene would require renegotiation and delay implementation of the remedy. Therefore, this factor weighs against intervention.
 
 E. Unusual Circumstances
 
 25
 CU argues that its extensive commenting is an unusual circumstance that militates in favor of intervention because granting intervention would impose no "significant new or costly burdens on the existing parties or the Court." As discussed, the district court's refusal to allow CU a second bite at the apple did not prejudice CU. To that, CU responds that the district court's denial of CU's motion to intervene for the appeal is a new apple, of which CU deserves a bite. As the government points out, however, there is nothing at all unusual about the denial of a right to appeal under these circumstances. The inevitable effect of a denial of intervention is that the proposed intervenor has no right to appeal. Moreover, where the parties enter into a consent decree, the occurrence of an appeal, not the absence of one, would be unusual. We therefore agree with the district court that the unusual circumstance of CU's extensive commenting counsels against intervention.
 
 
 26
 We also agree with the district court that CERCLA's clear policy favoring speedy settlement and execution of the remedy is an unusual circumstance urging denial of intervention. See Pitney Bowes, 25 F.3d at 73.
 
 IV.
 
 27
 All factors of the timeliness inquiry counsel against granting Citizens United's motion to intervene. The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The exact date of the filing of the notice of appeal is unclear from the record. The docket lists two dates: May 13, 1993, and May 17, 1993. The notice itself is stamped with the date May 13, 1993. However, a handwritten note on the notice suggests that the filing fee was not paid until May 18, 1993. In any event, the notice was filed more than thirty but fewer than sixty days after the March 24, 1993, entry of judgment
 
 
 [2]
 Before the district court, CU sought permissive intervention as well. CU's appellate brief contains no mention of permissive intervention; therefore, CU has waived the issue
 
 
 [3]
 Timeliness is the first of four conditions for intervention as of right. The applicant must also show a substantial legal interest in the subject matter of the pending litigation, an impaired ability to protect that interest, and inadequate representation of that interest by the present parties. Fed.R.Civ.P. 24(a)(2); Grubbs, 870 F.2d at 345; Triax Co., 724 F.2d at 1227; see also 42 U.S.C. Sec. 9613(i) (setting forth nearly identical conditions for intervention in CERCLA proceedings). Because we affirm the district court on the timeliness factor, we do not address the remaining factors of the test for intervention as of right