**Kathleen BURDICK and Roger Burdick, Plaintiffs,**

**v.**

David W. **KOERNER**, Ronald E. Fawcett, Koerner & Fawcett, Inc., d/b/a The Family Tree, a/d/b/a W.I.T. Publishing Co., The Thought Institute, Inc., Kenneth Forbeck, Forbeck & Monahan, S.C., ABC Insurance Company, Dr. Michael Kaye, EFG Insurance Company, Nikolaus J. Faessler, Linda S. Faessler, Randolph Zimmerman, Delores Baurer and Judy Pollard, Defendants.

No. 96–C–547.

United States District Court, E.D. Wisconsin.

May 19, 1997.

James E. Aschenbrener, Aschenbrener, Arnold & Artery, S.C., Milwaukee, WI, for Plaintiffs.

Nathan Fishbach, Whyte, Hirschboeck, Dudek, S.C., Milwaukee, WI, for Kenneth Forbeck & Forbeck & Monahan, S.C.

Arthur P. Simpson, Simpson & Deardorff, Milwaukee, WI, for Proposed Intervenor, Heritage Mut. Ins. Co.

Robert Kasieta, Bell, Metzner, Gierhart & Moore, S.C., Madison, WI, for Remaining Defendants.

## DECISION and ORDER

GORDON, Senior District Judge.

Presently before the court is a "Motion to Intervene" filed by Heritage Mutual Insurance Company ["Heritage"] under Rule 24(a)(2), Federal Rules of Civil Procedure. The motion will be denied.

In its motion, Heritage seeks to intervene in order to obtain a declaratory ruling concerning the duty to indemnify and defend defendants David W. Koerner and Ronald E. Fawcett or any other party under the terms of a liability policy issued by Heritage with respect to the claims asserted in the plaintiffs' complaint. Heritage brings its motion under Rule 24(a)(2), Federal Rules of Civil Procedure, which governs intervention as a matter of right. Pursuant to this rule, a petitioner must meet four criteria: (1) timely application; (2) an interest relating to the property or transaction which is the subject of the action; (3) potential impairment of its interest; and (4) lack of adequate representation of the interest by the existing parties to the action. *Reich v. ABC/York–Estes Corp.*, 64 F.3d 316, 321 (7th Cir.1995). Failure to meet any one of the four factors dictates denial of the petition. *Id.*

The timeliness requirement is intended to "prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." *United States v. City of Chicago*, 796 F.2d 205, 209 (7th Cir.1986), *cert. denied*, 479 U.S. 1086, 107 S.Ct. 1291, 94 L.Ed.2d 148 (1987) (quoting *United States v. South Bend Community School Corp.*, 710 F.2d 394, 396 (7th Cir.1983), *cert. denied*, 466 U.S. 926, 104 S.Ct. 1707, 80 L.Ed.2d 181 (1984)). "The test for timeliness is one of reasonableness: 'potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly.'" *Reich*, 64 F.3d at 321, (quoting *Nissei Sangyo America, Ltd. v. United States*, 31 F.3d 435, 438 (7th Cir.1994)).

Under the circumstances of this case, I do not believe Heritage's motion to intervene satisfies the timeliness requirement of Rule 24(a)(2). According to Heritage's motion, Mr. Koerner and Mr. Fawcett tendered the defense to Heritage on October 10, 1996. Heritage filed its motion to intervene on March 12, 1997—five months after it learned of the instant lawsuit. Aside from the statement in its reply brief that it performed "preliminary research" on the coverage issues, Heritage does not explain why it waited five months after learning of this action to file a motion to intervene.

Contrary to Heritage's assertion that this case is still in the "pleading stage," intervention by Heritage is likely to derail this lawsuit "within sight of the terminal." *United States v. City of Chicago*, 796 F.2d at 209. Under the existing scheduling order in this case, all discovery is to be completed by May 19, 1997, and a jury trial is to commence on Monday, July 14, 1997.

Heritage argues it will be prejudiced if the court denies its motion to intervene because it must then continue to provide a defense to Mr. Koerner and Mr. Fawcett through the trial. In my opinion, Heritage's cry of prejudice rings hollow in view of the fact that it provided a defense to its insureds for five months before seeking a declaration as to coverage. If Heritage was truly prejudiced as a result of paying for Mr. Koerner's and Mr. Fawcett's defense, it should have filed its motion to intervene earlier.

The fourth factor under Rule 24(a)(2) also weighs against granting Heritage's motion to intervene. Heritage insists that its interest in obtaining a declaration as to coverage will be impaired if it is not allowed to intervene. "Impairment" exists when the decision of a legal question forecloses the rights of the proposed intervenor in a subsequent proceeding. *American National Bank and Trust Co. of Chicago v. City of Chicago*, 865 F.2d 144, 147–48 (7th Cir.1989). "The possibility of foreclosure is measured by the standards of stare decisis." *Id.* at 148.

Heritage does not argue that final resolution of the issues in this litigation would impact a subsequent determination as to coverage under the terms of its policy. Indeed, the question of whether there is insurance coverage for the plaintiffs' claims is not an issue in this case. Heritage's sole argument

is that its interest will be impaired if it is required to pay for a defense that may ultimately be determined to be outside of its policy coverage. In my opinion, this does not constitute an "impairment" of Heritage's interest as contemplated under Rule 24(a)(2).

Accordingly, because Heritage has failed to establish that its motion to intervene is timely and that its interest will be impaired, its motion to intervene will be denied.

Therefore, IT IS ORDERED that Heritage's motion to intervene be and hereby is denied, with costs and with prejudice.